IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY DWAYNE WILLIAMS                                                                      PLAINTIFF

         v.                              Civil No. 13-2188

DEPUTY SEAN WILLIE                                                                       DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Bobby D. Williams, pursuant to 42 U.S.C. § 1983. The case is before me for a determination of whether service of process should issue. For the reasons stated below, it is my recommendation that the complaint be dismissed.

### 1. Background

According to the complaint, Deputy Willie has slandered the Plaintiff's name in order to get "brownie points" with the sheriff. Plaintiff alleges that Defendant is aware of civil suits Plaintiff has filed against the sheriff. As relief, Plaintiff seeks monetary damages and an apology from the Defendant.

### 2. Discussion

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* (IFP). Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The claims in this case are clearly subject to dismissal as they are frivolous or fail to state claims upon which relief may be granted. "[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). *See also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under

§ 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

### 3. Conclusion

Accordingly, I recommend that the complaint be dismissed as the claims asserted are frivolous or fail to state claims upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i-ii). Dismissal of this case will constitute a strike under 28 U.S.C. § 1915(g). For this reason, the Clerk should be directed to put a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of October 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE